UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| **STEPHEN SPILKER,**<br><br>       **Plaintiff.**<br><br>**V.**<br><br>**THE DISTRICT BOARD OF TRUSTEES FOR INDIAN RIVER STATE COLLEGE, FLORIDA, ("IRSC")**<br><br>       **Defendant.** | **CASE NO.**_____ |

## **COMPLAINT**

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW,** the Plaintiff, Stephen Spilker, by and through his undersigned Attorney hereby sues Defendant in the above caption style and alleges as follows:

### 1. INTRODUCTION

1. This cause of action arises from Defendants' deliberately indifferent response to a teacher refusing to honor pre-approved disability accommodations for the Plaintiff. Defendants' failure to investigate and respond to the discrimination subjected Plaintiff, Stephen Spilker to further abuse and a hostile environment, effectively denying the Plaintiff access to educational opportunities promptly, appropriately, and fairly. This action alleges violations of Title II of the Americans with Disabilities Act of 1990, ("ADA") and violations of Section 504 of the Rehabilitation Act of 1973.

1

## II. JURISTICTION AND VENUE

2. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, which gives District Courts jurisdiction over all civil actions arising under the Constitution, Laws, and Treaties of the United States.

3. This court also has subject matter jurisdiction pursuant to 28 U.S.C. §1343, which gives District Courts original jurisdiction over (a) any civil action authorized by law to be  brought by any person to redress the deprivation, under color of any State Law, Statue, Ordinance, Regulation, Custom or Usage, of any Right, Privilege, or Immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

4. Plaintiff, Stephen Spilker brings this action to redress a hostile educational  environment pursuant to Title II of the Americans with Disabilities Act of 1990, ("ADA") 42 U.S.C. § 12101 et seg., as more fully set forth herein

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since the Defendant resides or resided in this district and the events giving rise to the claims occurred in this district.

6. This is an action for damages that exceed fifteen thousand dollars, ($15,000.00), exclusive of costs, interests, and attorney fees.

## III. PARTIES

7. Plaintiff, Stephen Spilker, ("Plaintiff") is and has been a student of Indigenous person

River State College, Saint Lucie County, Florida always material hereto.

8. At all times material hereto, the Defendant, The District Board of Trustees for Indian River State College, Saint Lucie County, Florida, "IRSC," ("Defendant") is and was the governing body responsible for the overall management and organization of Indian River State College, Saint Lucie County, Florida.

## IV. APPLICABLE LAW AND POLICY

9. 42 U.S.C. § 12101 et seg. Findings and Purposes

    (a) Findings- The Congress finds that-

    (1) "Physical or mental disabilities in no way diminish a persons' right to fully participate in all aspects of society, yet many people with physical and mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability also have been subjected to discrimination;"

    (2) "Historically, society has tended to isolate and segregate individuals with disabilities, and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;"

    (3) "Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;"

3

(4) "Unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on basis of disability have often had no legal recourse to redress such discrimination;"

(5) "Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;"

(6) "Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in society, and are severely disadvantaged socially, vocationally, economically, and educationally;"

(7) "The nations' proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and self-sufficiency for such individuals; "and

(8) "The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of

      dollars in unnecessary expenses resulting from dependency and non-productivity."

  (b) Purpose- It is the purpose of this chapter-

    (1) "To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;"

    (2) "To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;"

    (3) "To ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities;" and

    (4) "To invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities."

10. 42 U.S. Code § 12102 - Definition of disability:

  (1) Disability- The term "disability" means, with respect to an individual-

    (a) "A physical or mental impairment that substantially limits one or more major life activities of such individual;"

    (b) "A record of such an impairment;" or

    (c) "Being regarded as having such an impairment."

11. Section 504 of the Rehabilitation Act of 1973 prohibits discrimination against people with disabilities in programs that receive federal financial assistance and

acts to protect children and adults disabilities from exclusion, and unequal treatment in schools, jobs, and the community.

12. Americans with Disabilities Act, Title II Regulations states that:

*"The Department of Justices' regulation implementing title II, subtitle A, of the ADA which prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by state and local governments, except public transportation services."*

13. 34 C.F.R. § 106.8(2)(c) provides,

*"A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part."*

At all material times, Indian River State College ("IRSC") was receiving Federal funding. 29 U.S.C. § 794(a)-(b).

Indian River State College, by and through its governing body ("the Defendant") implemented policies and customs to prevent the events that resulted in the deprivation of Plaintiff's Constitutional, statutory, and common-law rights. Indian River State College, by and through its governing body ("the Defendant") is responsible for the acts and omissions of its employees. Indian River State College, by and through its governing body ("the Defendant") is responsible for ensuring its employees are professionally trained and supervised to carry out their duties of employment regarding protecting their students from civil rights violations, disability discrimination, harassment, and ensuring a peaceful environment.

### V. BACKGROUND FACTS AND ALLEGATIONS

6

14. Plaintiff, Stephen Spilker is a student attending Indian River State College. When on August 4, 2021, he was granted the degree of Associate in Arts, (Cum Laude). The Plaintiff is currently pursuing a bachelor's degree in healthcare management. And he currently was in his second semester of the healthcare management program.

15. Plaintiff, Stephen Spilker demonstrated outstanding academic achievements that landed him on the Dean's list four (4) times, including the first semester in the bachelor's degree program for healthcare management and continues to maintain a GPA of honors.

16. Plaintiff, Stephen Spilker is a student with severe verifiable cognitive disabilities.

17. Plaintiff, Stephen Spilker has a history of stage 3 aggressive prostate cancer with intense treatments that contribute to the severe cognitive degeneration.

18. During the spring semester of 2021, the Plaintiff, Stephen Spilker noticed an unusual severe loss of memory, including, but not limited to math formulas and any math style questions.

19. Plaintiffs' Oncologist concurred with the Plaintiff's premonition that "loss of memory" is a direct result of the cancer treatments and intense hormone treatments. The Plaintiff, while still in the spring semester of 2021, initiated the conversation with the school's administrators regarding disability accommodations he is entitled to, due to his disability. Plaintiff was informed to start the process with the Indian River State College office of "Student Accessibility Services" (SAS) Contact Ms. Sherise Hobson. So, he filled out the necessary paperwork given to

him by the office of the Student Accessibility Services, including verification by the Social Security Administration, verifying Mr. Spiler is deemed disabled for life.

20. Plaintiff, Stephen Spilker, still in the spring semester of 2021 initiated the conversation with the schools' administrators regarding disability accommodations he is entitled to, due to his disability. Plaintiff was informed to start the process with the Indian River State College, office of "Student Accessibility Services," (SAS). Contact Ms. Sherise Hobson. Plaintiff filled out and signed all the necessary paperwork given to him by the office of the Student Accessibility Services, including verification by the Social Security Administration verifying Mr. Spilker is deemed disabled for life.

21. Plaintiff was also told to get a letter from his Oncologist to complete the process and verification that he was under the oncologist's care.

22. Sherise Hobson, Office of Student Accessibility Services told Mr. Spilker "[he] needs verification  regarding the cognitive degeneration is caused  by cancer treatments."  On April 1, 2021, Plaintiffs' Oncologist, bound by law, can only provide verification that Mr. Stephen Spilker is under [his] care for Mr. Spilkers' oncology needs. Plaintiffs, Oncologist cannot provide by law the details of the treatments and any effects to any treatments that it may cause.

23. Mr. Spilker already knows his Oncologist would not reveal any further details regarding his treatments and/or side effects to any treatments.

24. Mr. Spilker sought out Indian River State Colleges' Health and Wellness Center to speak to Dr. Patricia Corey, PhD.,R.N. regarding getting verification to satisfy the

Office of Student Accessibility Services. Dr. Corey has many years of being an oncology registered nurse.

25. On April 8, 2021, Dr. Corey provided Indian River State College, Office of Student Accessibility Services and the Plaintiff with a letter verifying that the cancer treatments Mr. Spilker is receiving does correlate with cognitive degeneration. Moreover, Dr. Corey cites a peer reviewed article written by (Dr. Ryan, 2019) stating that studies show men with prostate cancer receiving androgen deprivation therapy has an increase loss of memory.

26. A brief time after (date unknown by the Plaintiff) Mr. Spilker was granted disability accommodations by Sherise Hobson, Student Accessibility Services.

27. The accommodations set forth by the Office of SAS reads' as written:

   a)   *4 Function Calculator: Student may use a 4-function calculator for all timed and/or proctored assessments in mathematics courses unless the use of a calculator would fundamentally alter the nature of what is being assessed.*

   b)   *Assessment time extension of 2x (200%) applied to the standard time allocation for the assessment. Use of testing time extension does not provide for an extension of the assigned due date. Student can choose to take proctored exams at home via Honor lock or in-person at an IRSC Assessment Center by appointment. Students and faculty should determine which option will be used for proctored assessments early in the semester. For in-person testing in the Assessment Center, students will need to call or stop in any IRSC Assessment Center to make an appointment in advance. Professors should include ALL testing accommodations in the Honor lock testing instructions or on the IRSC Test form.*

   c)   *Extended time - Assignment - 2x (200%): is eligible for any timed assignments given during the class period and is expected to be completed after class and submitted to the professor that same day.*

> d)    *Extension of Due Dates - 1 week: Allow for extension of due dates - Extension of due date - additional 1 week. Allow for makeup of assignments or testing without penalty.*
>
> ·e)    *Formula sheet or reference information for Math: Use of formula sheet or reference information for mathematics testing. This accommodation can only be implemented if the use of the formula sheet or reference information is coordinated through the professor and is not a fundamental alteration of the assessment.*

28. From that moment on, at the start of every semester and mini semester, all the Plaintiffs' instructors and the Plaintiff would receive an email, furnished with a copy of the accommodations that must be afforded to the Plaintiff as a matter of Indian River State College Rules and Policies in accordance with Federal and State Laws, (*see* ¶ 40a-*e*).

29. Plaintiff, Stephen Spilker states all the instructors for the spring semester 2021, summer semester 2021, and fall semester 2021 abided by the accommodations set forth by the Office of Student Accessibility Services, including the instructor whereas this cause of action originates from. At this point, Plaintiff emphasizes, Sherise Hobson, Office of Student Accessibility Services, relocated to a different assignment and Ms. Dale Hayes is now the advisor for the Office of Student Accessibility Services.

30. On or about during previous Semester, when Mr. James Howse, Professor of Financial Accounting I, II, and Managerial Accounting and the Professor of the Managerial Accounting course the Plaintiff was enrolled in refused to give the Plaintiff the correct formula to a specific question on a specific exam for Managerial Accounting which resulted in a failed exam, (*see* ¶ 40e). He subsequently failed

the course. Plaintiff emphasizes, all his classes are online classes whereas all the assignments, homework, quizzes, and exams are done at the students' home and due by the due dates posted in "schedule of activities," located in the course syllabus.

31. On the following day of the exam in question, Plaintiff came to Fort Pierce campus to meet with Professor Howse in his office to discuss the Plaintiffs' complaint regarding not having the proper formula to a specific question on the specific exam that was worth 52 points.

32. Mr. Howse met with the Plaintiff, whereas Mr. Howse became argumentative and stated he does not know what the word "formula" means.

33. During that meeting Mr. Howse also stated, "[he] and the Plaintiff needs' to meet with Dale Hayes, Office of Student Accessibility Services to discuss the accommodation details."

34. Plaintiff, Stephen Spilker was uncomfortable by Mr. Howse's change of demeanor towards the Plaintiff and unaware of the horrifying atrocities that soon follow by Mr. Howse and other school employees and administrators.

35.   After many phone calls and meetings of trying to resolve the discrimination by Professor Howse and administration Plaintiff sent a text message to the teacher (text message attached)

36.  The text message prompted a threatening phone by Frank Watkins to meet in a zoom meeting to discuss the text message.

37. The zoom meeting on March 10, 2022, yielded absolutely no violations of any school codes, yet they insisted the results of the zoom meeting prompted Student Affairs meeting to determine the Plaintiff's punishment.

38. On April 4th, the Plaintiff received a public safety report stated that he could not come back on the campus property due to an incident that never happened.

39. This meeting was an assault on the Plaintiff emotionally, who was overpowered by the State College staff. This was supposed to be a non-bias neutral meeting. Plaintiff was verbally attacked by a roundtable of staff and staff members in the gallery. Plaintiff was not allowed any material in or any evidence. Security was also posted outside the room. They became offensive toward the Plaintiff that he had to leave the meeting. The results of the meeting are attached.

40. The Plaintiff was traumatized by this whole incident. This resulted in repeated treatments with his counselor, resulting in treatment bills as a result of the psychological trauma suffered by the Defendant's causing over $15,000 of damages.

41. Defendant's action is in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, as accommodations under these acts were readily available but were not provided by the Defendant as spelled out in paragraphs above.

3

**WHEREFORE,** the Plaintiff respectfully requests judgment in his favor and against the Defendant "the District Board of Trustees of Indian River State College, IRSC" for all damages to which he may be entitled, including, without limitations:

a. Compensatory damages, including but not limited to, mental anguish, loss of dignity and any other intangible injuries

b. An award for reasonable Attorney's fees and all costs incurred herein; and

c. Such other relief as this court deems proper including ordering the Defendant, the District Board of Trustees of Indian River State College to produce a copy of official transcripts showing the Plaintiff did not receive an "F" in Managerial Accounting but received an "A."  And did not receive a "C" in Financial Accounting II but received an "A."

d. Allow the Plaintiff to retake all pertinent examinations complete with all federally mandated accommodations and concurrent with Defendant's accommodations policy.

## **CERTIFICATE OF SERVICE**

I certify that a copy of this forgoing instrument was served to via REGISTERED PROCESS SERVER to   Mr. Richard Neill Jr. Esq., 311 South 2nd Steet #200 Fort Pierce, Fl 34950 Representing the Defendant the District Board of Trustees for Indian River State College.



 Scott R. Stark, Esq., FBN 0771945
24862  U.S. 19 NORTH #2005
CLEARWATER, FLORIDA 33763
727 475-8836 landlines
727 403-1716 CELL 727 412-3171 CELL
sstarklaw@yahoo.com